# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT JACKSON
### AUGUST SESSION, 1997

| | | |
|---|---|---|
| JAMES EDWARD HAYES, | ) | C.C.A. NO. 02C01-9610-CC-00326 |
| | ) | |
| Appellant, | ) | |
| | ) | |
| | ) | LAKE COUNTY |
| VS. | ) | |
| | ) | HON. JOE G. RILEY |
| BILLY COMPTON, WARDEN, | ) | JUDGE |
| | ) | |
| Appellee. | ) | (Habeas Corpus) |

FILED

March 30, 1998

Cecil Crowson, Jr.
Appellate Court Clerk

## SEPARATE CONCURRING

I join with the majority in affirming the dismissal of the appellant's writ, however, I do so for differing reasons. The majority, finding that Hill governs disposition of this case, concludes, without more, that "the mental state can be logically inferred from the conduct alleged." In Hill, our supreme court found the language "unlawful sexual penetration" sufficiently encompassing in an indictment for aggravated rape to support an inference that the penetration was committed intentionally, knowingly or recklessly. Hill, 954 S.W.2d at 729. That is to say, logically, for penetration of the victim to occur, it cannot be committed accidentally or in any other manner other than intentionally, knowingly or recklessly. I view the holding in Hill to be fact-specific to a charge of aggravated rape, and, therefore, without further analysis to the charge at issue, is not controlling as to other crimes.

The charging language in the instant case, "did unlawfully engage in sexual contact . . . in violation of T.C.A. 39-13-504 . . ," infers no mental state.[1] As a panel

---

[1]Previous rulings of this court have held that "the term 'unlawful' does not sufficiently allege the mens rea of intent." See State v. Jones, No. 02C01-9503-CR-00061 (Tenn. Crim. App. at Jackson, Mar. 7, 1997); State v. White, No. 03C01-9408-CR-00277 (Tenn. Crim. App. at Knoxville, June 7, 1995). The term "'unlawfully' does not in the ordinary use of the word connote mental culpability." Id.

Moreover, importation of the definition of the term "sexual contact" to supply the mens rea to the statutory definition of the offense has also been rejected. A majority of jurisdictions have

of this court held in Kimmel v. State, No. 02C01-9701-CR-00006 (Tenn. Crim. App. at Jackson, Jan. 12, 1998), the language "sexual contact" does not exclude all inferences other than that the crime of aggravated sexual battery was committed intentionally, knowingly or recklessly. Clearly, the phrase "sexual contact" could as easily infer an accidental or inadvertent act of contact between the accused and the victim. Id. More importantly, our statute requires that, before conviction can occur for this offense, the proof must support an intentional touching. Tenn. Code Ann. § 39-13-501(6).[2] Thus, one could not conclude that the phrase "sexual contact" excludes any form of contact other than that of "intentional."

Notwithstanding the inability to infer the requisite mental state, a panel of this court has held, in a challenge to an indictment for identical reasons, that the challenge must fail because the offense charged is a general intent crime. Therefore, no mental state is required in the charging instrument. Kimmel, No. 02C01-9701-CR-00006; State v. Dison, No. 03C01-9602-CC-00051 (Tenn. Crim. App. at Knoxville, Jan. 31, 1997). The *mens rea* requirement when omitted from the statutory definition, need not be alleged in the charging instrument because it is imputed by the statute. Tenn. Code Ann. § 39-11-301(c). The distinguishing factor is the legislature's prerogative of a mental state from a range of culpability. Dison,

---

held that the omission of an essential element from the charging instrument cannot be cured by a citation or reference to the relevant statute. State v. Marshall, 870 S.W.2d 532, 537 (Tenn. Crim. App. 1993)(citing United States v. Pupo, 841 F.2d 1235 (4th Cir. 1988)). See also U.S. v. Hooker, 841 F.2d 1225, 1227-1228 (4th Cir. 1988)(citing at least eight federal circuits in accord with this rule and "the vast majority of the state courts"). "[I]t is the statement of facts in the pleading, rather than the statutory citation that is controlling." Hooker, 841 S.W.2d at 1227-1228 (citing United States v. Wuco, 535 F.2d 1200, 1202 n. 1 (9th Cir. 1976); United States v. Hutcheson, 312 U.S. 219, 229, 61 S.Ct. 463, 464 (1941)).

[2]It is noted that the second element of this offense, "that the victim was less than 13 years of age," could be established by an "intentional, knowing, or reckless" mental state. Tenn. Code Ann. § 39-11-301(a)(1) and (c). Our CRIMINAL CODE requires that culpability must be addressed separately with respect to each material element as many of our statutory offenses are structured to contain different mental states for the respective elements. Thus, the instant indicted crime of aggravated sexual battery requires different levels of culpability for each of the two essential elements of the offense and an instruction that only one mental state for this offense is required would be erroneous. Otherwise, the end result would produce a reckless-intentional crime. Kimmel, No. 02C01-9701-CR-00006.

No. 03C01-9602-CC-0005. Thus, when the legislature has explicitly omitted the mental state in the definition of a crime, the crime is one of "general intent." Accordingly, I find that the offense of aggravated sexual battery is a general intent crime and no mental state need be alleged in the indictment. Kimmel, No. 02C01-9701-CR-00006. This approach is consistent with the interpretation of the MODEL PENAL CODE, from which our current CRIMINAL CODE is adopted, other jurisdictions which have construed this identical issue, and all legal treatises which have been written on this subject. See Kimmel, No. 02C01-9701-CR-00006 (citations omitted), Commission Commentary, MODEL PENAL CODE, Section 2.02(3) and 41 Am. Jur.2d, *Indictments and Information*, § 126 (1995).

For these reasons, I would affirm dismissal of the writ.

_____
DAVID G. HAYES, Judge